# STATE OF MICHIGAN

# COURT OF APPEALS

MONASSER OMIAN,

        Plaintiff-Appellee,

FOR PUBLICATION
February 26, 2015

v

No. 310743
Michigan Compensation
Appellate Commission
LC No. 10-000099

CHRYSLER GROUP, LLC,

        Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

RONAYNE KRAUSE, J. *(dissenting)*

I respectfully dissent. I agree entirely with the majority's reasoning and conclusions that defendant's "Proposed Exhibit D," a copy of a federal indictment against plaintiff and several other individuals, was technically admissible, but that the magistrate's decision to exclude it and the MCAC's decision to affirm that exclusion were not clearly erroneous. I also agree with the majority that the wrongful conduct rule is not properly before this Court and would not be of any use to defendant if it were. I respectfully disagree with the majority's conclusion that the magistrate's exclusion of certain additional evidence ostensibly supporting some of the allegations in Exhibit D constitutes an error warranting reversal.

As an initial matter, I am highly skeptical that a demonstrated ability to generate income from illegal activities, standing alone, necessarily proves anything relevant to workers' compensation benefits. In relevant part, "wage earning capacity" is defined as wages that can be earned at "a job reasonably available." See MCL 418.301(4)(b), MCL 418.302, and MCL 418.401(2)(c). Neither the Legislature nor our Supreme Court has precisely defined what exactly constitutes a reasonably available job, and indeed, the word "job" is not defined at all. However, I think as a matter of public policy, it would be dangerous to consider illegal activities to be reasonably available jobs. For one thing, that would dramatically increase the burden of a claimant attempting to show entitlement to compensation and benefits. See *Stokes v Chrysler LLC*, 481 Mich 266, 281-285; 750 NW2d 129 (2008). For another, it could effectively encourage illegal activity if we were to recognize such activities as in any way reasonable. Finally, because we have functional law enforcement systems in both this state and this country, illegal conduct, however profitable it may be in the short term, is inherently unstable and ephemeral. Although the specific acts undertaken by a person can of course demonstrate that the person has the ability to perform those acts, with whatever implications come therewith, the fact

standing alone that the person has managed to derive some revenue from illegal conduct does not, in my opinion, itself constitute good evidence of a capacity for gainful employment.

Credibility of a witness is generally relevant. See *People v Layher*, 464 Mich 756, 761-764; 631 NW2d 281 (2001); *In re Dearmon*, 303 Mich App 684, 696; 847 NW2d 514 (2014). As noted, the specific acts in which a benefits claimant has engaged can certainly constitute evidence of ability to engage in those acts. Here, however, the additional evidence would not show that plaintiff was able to perform physical or mental feats that he contended he could not. The medical testimony that the magistrate deemed credible showed that plaintiff was essentially limited to sedentary activities. In other words, there was no actual dispute that plaintiff could theoretically earn income through some hypothesized sedentary work. According to Exhibit D, plaintiff was merely a signatory on accounts used to funnel money out of the country illegally; evidence supporting that allegation would prove nothing of value beyond, possibly, the profitability of the operation. The fact that an illegal activity was more or less profitable does not, in my opinion, cast any light on plaintiff's credibility regarding what he could actually perform as legitimate employment.

I do agree with the majority that the magistrate erred to the extent its decision can be interpreted as a conclusion that plaintiff did not *commit* a crime purely because he did not *plead to* that crime. The magistrate's exclusion of evidence pertaining to crimes to which plaintiff did not plead could have had the effect of excluding potential evidence of crimes plaintiff actually perpetrated. Furthermore, I agree that excluding an exhibit, for whatever reason, does not *per se* necessitate exclusion of other evidence relating to the subject-matter of that exhibit. I certainly agree that, in principle, *actual work* a benefits claimant performs "under the table" *can* be evidence that the claimant is capable of engaging in gainful employment, or "a job reasonably available." What I cannot accept is the contention that acquiring money through illegal conduct is *inherently* proof thereof. Consequently, I cannot agree that the magistrate's error warrants reversal in this matter.

Therefore, I appreciate defendant's argument that it should, in the abstract, have been permitted to show that plaintiff was physically performing actual actions that would also be performed in the performance of gainful employment and thus proving a capacity for that gainful employment. Practically, however, I can find absolutely nothing in defendant's brief beyond hyperbolic bluster and rather suspiciously pious appeals to emotion to suggest that they could have presented evidence of any such acts. Rather, defendant refers to plaintiff as some kind of criminal mastermind but provides not a scintilla of support for that characterization. Plaintiff is undisputedly a criminal, there was likely little doubt that his honesty is somewhat less than absolute, and he may very well be a "bad person," but entitlement to workers' compensation benefits is in no way based on such considerations. Our role as a court is to implement the law rather than our own whimsical personal opinions about whether any given individual deserves to be more equal under the law than anyone else.

Had defendant even submitted so much as a minimal offer of proof, or if the crimes were at all related to his work with defendant, I would accept that the majority's decision to remand might make sense, depending on the nature of the proofs offered. Again, I agree that evidence of the actual conduct in which a claimant has engaged is relevant and should be considered to the extent that conduct consists of acts that would be performed in the course of gainful

-2-

employment. Nevertheless, that would be true whether the conduct was legal *or* illegal. Defendant's argument amounts to a bare assertion, with which the majority seemingly agrees, that profiting from a crime somehow equals proof of wage-earning capability. Defendant simply seeks to extrapolate too much, asking me to believe that plaintiff was a "criminal mastermind" without the basic decency to offer the slightest basis for why the existence of any supporting evidence for that assertion is anything but hypothetical and speculative. Without any such support, I cannot perceive any basis for undermining the MCAC's result.

I appreciate the majority's position that, in theory, the magistrate should not ignore evidence of actual conduct by a benefits claimant that tends to demonstrate an ability to engage in gainful employment. However, beyond a perverse and disturbing implication that crime in fact pays, I do not believe the omitted evidence that the majority deems significant here would have possibly done so. Consequently, I would affirm.


/s/ Amy Ronayne Krause